Weichert v Hemmerich (2023 NY Slip Op 03104)

Weichert v Hemmerich

2023 NY Slip Op 03104

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

183 CA 22-01503

[*1]SUSAN M. WEICHERT, PLAINTIFF-APPELLANT,
v
GREGORY C. HEMMERICH AND HEMMERICH TREE SERVICE, DEFENDANTS-RESPONDENTS. 

SUSAN M. WEICHERT, PLAINTIFF-APPELLANT PRO SE. 
DAVID A. LONGERETTA, ESQ., PLLC, UTICA (DAVID A. LONGERETTA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Lewis County (Charles C. Merrell, J.), entered April 7, 2022. The order and judgment granted plaintiff a money judgment in the amount of $12,660. 
It is hereby ORDERED that said appeal is unanimously dismissed with costs.
Memorandum: Plaintiff commenced this action seeking damages for, as relevant here, defendants' alleged breach of a contract pursuant to which defendants were to pay for, at scheduled rates by quantity, the various forms of wood that they removed from plaintiff's property. After defendants failed to appear or answer, plaintiff moved for a default judgment (see CPLR 3215 [a]). Supreme Court subsequently issued an order in which it granted plaintiff a default judgment on the issue of liability and, consistent with plaintiff's representation in her affidavit in support of the motion that her claim was not for a sum certain or a sum which could by computation be made certain (see CPLR 3215 [a]), ordered an inquest on damages. Months later, during an appearance scheduled for the inquest on damages, the parties negotiated a resolution and placed on the record a stipulation of settlement pursuant to which defendants would pay plaintiff a total of $27,460 in two scheduled installments and, in the event of nonpayment, plaintiff would be entitled to file confessions of judgment (see CPLR 3218) for any unpaid amounts.
Although defendants made partial payments pursuant to the stipulation of settlement, they were unable to fully satisfy their payment obligation by the scheduled deadline. Plaintiff then moved for a judgment against defendants, contending that defendants' breach of the stipulation of settlement rendered them liable in default for the amount demanded in the pleadings, i.e., $550,000, and also for an order sanctioning defendants for their purported failure to respond to a subpoena duces tecum allegedly served prior to the stipulation of settlement. The court granted plaintiff's motion in part by directing the County Clerk to enter a money judgment against defendants in the amount of $12,660, i.e., the remaining balance under the stipulation of settlement. In rejecting plaintiff's contention that she was entitled to the amount demanded in the pleadings, the court reasoned that the stipulation of settlement did not provide for such a remedy in the event that defendants failed to fulfill their payment obligations thereunder and plaintiff's remedy was instead to seek enforcement of the stipulation of settlement. The court also denied that part of plaintiff's motion seeking sanctions against defendants. The record establishes that, shortly after issuance of the court's order and judgment, defendants fulfilled their payment obligation by tendering to plaintiff the remaining balance under the stipulation of settlement. Plaintiff nonetheless now appeals from that order and judgment.
We agree with defendants that the appeal must be dismissed. Plaintiff appeals only from the aforementioned order and judgment wherein the court granted in part plaintiff's motion for a judgment, held that plaintiff's remedy for defendants' nonpayment was to seek enforcement of [*2]the stipulation of settlement, which did not provide that plaintiff would be entitled to the amount demanded in the pleadings in the event that defendants failed to fulfill their payment obligations, and denied that part of plaintiff's motion seeking sanctions against defendants for their alleged failure to respond to a pre-settlement subpoena duces tecum. Plaintiff's brief, however, addresses only the court's earlier determination to grant plaintiff a default judgment on the issue of liability only and order an inquest on damages, rather than to immediately award plaintiff the amount demanded in the pleadings following defendants' default in the action. Inasmuch as that determination was embodied in a prior order that is not subject to the present appeal, we are foreclosed from reviewing plaintiff's contention (see Capozzolo v Capozzolo, 195 AD3d 1534, 1535 [4th Dept 2021]; Weichert v Delia, 1 AD3d 1058, 1058-1059 [4th Dept 2003], lv denied 1 NY3d 509 [2004]). " '[T]he only issues which we may consider are limited by the notice of appeal' " (Weichert, 1 AD3d at 1058), and we are thus limited to reviewing the propriety of the court's holding that payment of the amount demanded in the pleadings is not a remedy under the stipulation of settlement and its denial of plaintiff's request for sanctions. Because plaintiff has not raised any issue with respect to the order and judgment on appeal, she has abandoned any contentions with respect thereto, and therefore the appeal from that order and judgment must be dismissed (see Capozzolo, 195 AD3d at 1535; Weichert, 1 AD3d at 1058-1059). Finally, inasmuch as plaintiff pursued this appeal despite having received satisfaction of the remaining balance under the stipulation of settlement, and then presented no argument with respect to the issues embodied in the order and judgment appealed from, we dismiss the appeal with costs (see Weichert, 1 AD3d at 1058-1059; see also Jones v Town of Carroll, 197 AD3d 1003, 1004 [4th Dept 2021]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court